Opinion delivered March 11, 1887.

---

No. 2374.

J. H. VAN VALKENBURG ET AL. *v.* D. C. RUBY ET AL.

1. VERDICT.—Though a verdict may be informal, if it be responsive to all the issues and its meaning clear, it will be held good; but if its construction be doubtful, no judgment can be rendered on it.

2. DAMAGES—TRESPASS TO TRY TITLE.—When in an action of trespass to try title and to recover possession, the plaintiff has obtained a writ of sequestration, and the verdict is in his favor, no damages can be awarded for wrongfully sueing out the writ, even in favor of a defendant in possession who is found to have made improvements on the property in good faith.

3. IMPROVMENTS IN GOOD FAITH.—Under first section of the act of February 5, 1840, substantially re-enacted in the statute (Rev. Stats., art. 4813), a plaintiff in trespass to try title, who recovers judgment against a defendant in possession in good faith who has made valuable improvements, is afforded a remedy reasonable in itself under which he may obtain the possession after doing equity. Equity requires that he shall first pay the excess of the value of improvements over the rents, and the law in requiring this does not delay the plaintiff in his remedy, but the courts will not by construction extend the operation of the statutes in favor of a possessor in good faith, beyond this.

APPEAL from Harris.    Tried below before the Hon. James Masterson.

The opinion states the case.

*Brady & Ring* and *Jones & Garnett,* for appellants.

*E. P. Hamblen,* for appellee Thacker.

GAINES, ASSOCIATE JUSTICE.    This is an action of trespass to try title, and was brought by appellant Van Valkenburg to recover of appellees and others a certain block of lots in the city of Houston.    He sued out a writ of sequestration, by virtue of which the property was taken into possession by the sheriff, who, it seems, still held the same at the time of the trial in the court below.    The other appellants were sureties on the sequestration bond.    Appellees in their answers claimed title and also set up improvements in good faith.    They also pleaded in reconvention, claiming damages against plaintiff and the sureties on his sequestration bond, on the ground that the writ was wrongfully and maliciously sued out.    The case was submitted to a jury, who found a verdict for plaintiff for the property claimed, but also found that appellees were possessors in good faith and had made valuable improvements upon the lots.

The verdict reads as follows:    "We, the jury, in the above entitled case, find that the title to the land in block number two hundred is vested in plaintiff Van Valkenburg, and value the same at one hundred and twenty-five dollars per lot; upon the question of three years limitation we also find for plaintiff; also upon question of five (5) years limitation; also upon the question of exemplary damages in suing out the writ of sequestration; also as against defendant Thacker for ground rent, two hundred and sixteen dollars.    We find for defendant Thacker for his improvements made in good faith upon lot number ten, two hundred and fifty-six dollars; for rent for twelve months on the same, one hundred dollars; and for improvements on lots numbers eight and nine, three hundred and eighty-four dollars, and for rents on same, one hundred dollars.

RECAPITULATION.

| | | |
|---|---|---|
| Improvements on lot No. 10 | $256 | 00 |
| Rents | 100 | 00 |
| Improvements on lots 8 and 9 | 384 | 00 |
| Rents | 100 | 00 |
| | $840 | 00 |
| Less ground rents | 90 | 00 |
| Total | $750 | 00 |

We also find for defendant Ruby on improvements made
   on lots Nos. 1, 2, 3, 4, 5, 6, 7, 11 and 12............. 1,616 00
And for rents on same............................... 600 00

RECAPITULATION—RUBY.

Improvements...........................................$1,616 00
Rents................................................. 600 00

                                          $2,216 00

Less ground rents..................................... $216 00

   Total.............................................$2,000 00

Upon this verdict a judgment was entered in favor of plaintiff against the defendant for the premises in controversy, but in favor of defendants Ruby and Thacker respectively for the value of their improvements, less the ground rents set forth in the recapitulation in the verdict—that is to say, in favor of Ruby for fourteen hundred dollars and in favor of Thacker for five hundred and fifty dollars. It was also ordered that the sheriff restore the property to these defendants, and that plaintiff should have his writ of possession provided he paid the value of the improvements within twelve months, and that if he failed to do so said defendants, or either of them, could acquire title by paying the value as assessed by the jury of the lots respectvely claimed by them. It was also adjudged that Ruby and Thacker should recover of plaintiff and the other appellants as sureties on his sequestration bond six hundred dollars and two hundred dollars respectively as damages for the wrongful suing out of the writ of sequestration. The jury did not find in so many words that the writ was wrongfully sued out, but the court seems to have considered that proposition as a necessary deduction from the finding that appellees were possessors in good faith and had made valuable improvements, and also that the value of the rent of the property from the time the sheriff took possession under the writ up to the date of the trial was the proper measure of damages for the supposed wrong.

It will be perceived that there is an inconsistency in the verdict, caused, it is to be presumed, by some clerical error on

the part of the jury. In the body of the verdict they say nothing about ground rent against Ruby, but find ground rent against Thacker to the amount of two hundred and sixteen dollars. In the recapitulation the latter amount is charged against Ruby as ground rent, and the sum of ninety dollars charged against Thacker. The inconsistency is apparent. It is impossible to determine from these irreconcilable statements with any degree of certainty, what the jury really meant by these findings.

However informal a verdict may be, if it is responsive to all the issues and its meaning be clear, it will be held good; but if its construction is doubtful, no judgment can be rendered upon it. This was in effect so held by this court in the case of Moore v. Moore, decided at the present term. This is an error of law apparent on the face of the record, and necessarily works a reversal of the judgment. (Rules of Supreme Court number 23, 47 Texas, 601.)

We think the court also erred in rendering judgment against appellants in favor of appellees for damages for the wrongful suing out of the writ of sequestration. The jury found that appellant Van Valkenberg was the owner of the land, and for aught we may know from the verdict, the rents assessed by the jury upon the property in favor of appellees may have embraced the rent of the lots, as well as that of the improvements. If so, we have the remarkable case of trespassers upon real estate recovering of the owner in an action of damages rent upon his own property.

However this may be, we are of opinion that there is nothing in this case to warrant this judgment for damages against the plaintiff and the sureties on his sequestration bond. When he established his title to the premises in controversy, we think the question of damages for the wrongful suing out of the writ of sequestration was settled in his favor. If he had taken possession of his property without suit, could these defendants who, though possessors and improvers in good faith, are mere trespassers at last, have maintained an action against him as for a wrong? We think not.

Having the title to the property and no privity with the possessors, his title carried with it the right to possession which, it is believed, even the Legislature could not abridge or take away. We do not mean to say that our statutes in reference to possessors in good faith are in violation of the Constitution. The

constitutionality of similar enactments in other States has generally been upheld. In Scott v. Mather, 14 Texas, 235; and Saunders v. Wilson, 19 Texas, 194, the Act of February 5, 1840, which is substantially re-enacted by the Revised Statutes, was decided to be valid. We neither question the correctness of that ruling nor the grounds upon which it is maintained. The decisions in these cases are in accord with the great weight of authority, and are supported by sound reasoning. But the ruling in Hearn v. Camp, 18 Texas, 546, in which the second section of act of February, 1844, was held unconstitutional, shows, we think, that the court considered that the Legislature had gone to the verge of its authority in the first section of that law, and in the previous enactments upon this subject.

By these statutes the right of the owner to the possession of his land is not denied. It is merely provided that, after it is adjudicated that the defendant is a possessor in good faith, and the excess of the value of his improvements over the rents is ascertained, the owner's immediate right to his writ of possession is withheld until he performs the equitable obligation of paying for that excess. By complying with this reasonable condition he is not delayed in his remedy. If he does not pay he must ultimately have his land or its equivalent in value. It is upon these grounds that the constitutionality of these Statutes has been upheld. Attempts on part of Legislatures to go further than these enactments in favoring the claims of possessors in good faith have generally been held unconstitutional by the courts. (Hearn v. Camp, supra; McCoy v. Grandy, 3 Ohio State, 463; Childs v. Shower, 18 Iowa, 261; Billings v. Hall, 7 California, 1.)

It follows from what we have said that, in our opinion, the operation of the statutes in question can not be extended beyond their letter; and that so much of the judgment of the court below as awarded damages to the defendants was not authorized by law.

We have considered the foregoing as questions of law apparent upon the face of the record, and we think the errors pointed out, fundamental in character, and require a reversal of the judgment, although they are not complained of in the assignments.

The assignments of error are directed mainly to the question

of the sufficiency of the evidence to support the verdict on the issue of possession in good faith and need not be considered. The judgment is reversed and the case remanded.

*Reversed and remanded.*

**Opinion delivered March 15, 1887.**