## SIMENSKY v ZWYER

Ohio Appeals, 6th Dist, Lucas Co
No 2455. Decided Feb 16, 1931

Stanley A. Konezal, Toledo, for Simensky.
Marshall, Melhorn, Marlar & Martin, Toledo, for Zwyer.

WILLIAMS, J.

We find the court erred in the prejudice of plaintiff in error in giving to the jury defendant's requests numbers 1, 7, 8 and 9. These requests will be quoted in order and commented on:

"Defendant's request No. 1. Not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from some one. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured. The character or extent of an injury has no bearing upon the question of the liability therefor; neither has the wealth nor the poverty of either party to such a litigation anything to do with the question of liability for the accident.

"The mere fact that there was an accident, in which the plaintiff was injured, does not give him a right of recovery. Sometimes accidents happen without the fault of any one. They are unavoidable. In such case, the party injured has no recourse. There can be no recovery, unless defendant's negligence directly caused the injury; and such negligence can not be inferred, it must be proved to avail plaintiff, and proved by a preponderance of all the evidence."

This request was misleading and prejudicial in that it gave the jury the impression that thousands of accidents occurred daily for which no one was liable and that no one in which there was a liability for negligence was a rare occurrence. The court should have refused to give it to the jury.

"No. 7.—The driving of an automobile while in an intoxicated condition is contrary to law and the driver is guilty of negligence. If from a preponderance of the evidence you find that the driver of the car, in which the deceased was riding, was intoxicated at the time of the collision, then I say to you that the driver was guilty of negligence as a matter of law. If you further find that the plaintiff's intestate knew, or by the exercises of ordinary care should have known, that the driver was intoxicated, and, notwithstanding the driver's intoxicated condition, persisted in riding with him, the decedent was also guilty of negligence, and if the decedent's negligence in this respect directly contributed to his injury and death, the plaintiff can not recover and your verdict should be for the defendant."

This request lays down, without qualification, the principle that if a person riding with a driver whom he knows or should have known to be intoxicated, persists in so riding, he is guilty of contributory negligence in so doing. It is apparent that one may persist in riding in a car with an intoxicated driver because there is no opportunity for him to get out of the car without endangering life and limb. The measure of decedent's duty was to exercise ordinary care. In this respect the instruction was too broad.

"No. 8—The court instructs you that, when he has an opportunity so to do, it is the duty of a passenger in a motor vehicle to learn of danger and warn the driver thereof if he can do so, or otherwise endeavor to avoid such danger. The passenger is not allowed to rely entirely upon the care and control of the driver. It was, therefore, the duty of the deceased to exercise such care of his own safety as a person of ordinary care and prudence would have exercised under the same or similar circumstances. If you find from a preponderance of the evidence that, under all the circumstances in this case, it was the duty of the deceased to be on the lookout as the car in which he was riding approached the intersection where the collision occurred, and if you further find that the deceased was under the influence of liquor and by reason thereof was not capable of being on the lookout or otherwise exercising proper care for his own safety, then the the deceased was guilty of negligence. And if you further find that such negligence directly contributed to the decedent's injury and death, then the plaintiff can not recover and your verdict should be for the defendant."

This request is erroneous for several reasons. In the first place, it states that it is the duty of a passenger in a motor vehicle to learn of danger and warn the driver thereof if he can do so, or otherwise endeavor to avoid the danger. The only duty resting upon a passenger in these respects is to use ordinary care with reference thereto. The request also states that the passenger is not allowed to rely entirely upon the care and control of the driver. The rule is that a guest in a car may rely upon a driver to the extent that ordinary care warrants him in so doing. Whether or not he would be exercising ordinary care in relying wholly upon a driver would be a fact for the determination of the jury. Situations may arise in which a guest would not be exercising ordinary care if he interfered with the driver. The instruction was erroneous in this respect.

**14**

This instruction also lays down the principle that to ride in a car while intoxicated is of itself negligence. There is no evidence that the decedent was dead drunk or in a stupor from intoxication. The instruction ignores the element of ordinary care. A person somewhat intoxicated is not, by reason of that fact, necessarily rendered incapable of exercising ordinary care, but his intoxication may be considered by the jury in determining whether or not, in fact, he did so.

"No. 9—You are instructed that if you find from a preponderance of the evidence that the plaintiff's intestate and the other two occupants of the car in which the decedent was killed were on a pleasure trip; that all were more or less intoxicated; and that the occupants of the car were all parties to the drinking, and all were participating in the intoxication of the driver, if he were intoxicated, each would be as much responsible for the car being driven by a drunken person as the driver would be. In such a case it is not very material who drove the car, for, if the injury resulted from the intoxication of the driver, it is the common act of all, and prevents any one of the intoxicated persons, or his personal representative, from recovery.

If you so find, therefore, and further find that the intoxication of the driver, concurring or co-operating with some negligence of the defendant, was the proximate cause of the injury and death of the plaintiff's intestate, the plaintiff can not recover and your verdict should be for the defendant."

We think the principle of joint enterprise is not applicable to this case. The three persons riding in the Ford touring car were not engaged in a joint enterprise as to the operation of the automobile. There is no evidence tending to show that the right to control or responsibility for the operation was in any one other than the driver himself. A joint enterprise with reference to the driving of an automobile requires not only common possession of the automobile by the joint adventurers but also that they must have joint control and responsibility for its operation. **Bloom v Leach, Admr., 120 Oh St, 238, 246.**

The general charge of the court, in so far as it undertook to apply these erroneous principles, is also erroneous. We find no other error prejudicial to the plaintiff in error.

In giving the erroneous principles of law involved in the requests to charge, the court erred to the prejudice of the plaintiff in

error, and for such error the judgment is reversed and the cause remanded for a new trial.

LLOYD and RICHARDS, JJ, concur.