## HAYLETT v McCREARY

Ohio Appeals, 6th Dist, Wood Co

No 518.   Decided March 28, 1932

Harrington & Avery, Bowling Green, for plaintiff in error.

George A. Chency, Bowling Green, for defendant in error.

Q. And you found there a broken bottle, —flask of whiskey? A. No.

Q. Did not someone out there say it was something of that kind?

(Objection: sustained; exception).

Q. You did produce a bottle in the house there that night—broken whiskey bottle—flask?

(Objection; sustained; exception).

The Court: The jury will draw no inference from the question of the attorney whether or not they found a whiskey flask. (Exception).

Mr. Harrington: What was the description of this bottle which you produced at the residence of Mr. Hastings?

(Objection; sustained; exception)."

In the direct examination of Norma Swanson, a witness called by the defendant, the following appears:

"Q. Did he (Leo Vail) say anything to you about this collision? A. I asked him about it.

Q. What did he say? A. I asked him— I heard he was drinking, and I asked him, and he told me he was.

Q. What did he say about it? A. He said he was drinking, that night."

In the cross-examination of the same witness, the following appears:

"Q. He said 'girls I was drunk that night when I had that wreck.' I asked him—

Q. What did you ask him? A. I asked him if he was drunk.

Q. What did he say? A. He said he was.

Q. Did he mean he was drunk at that time, or some other time? A. At that time."

In the direct testimony of Alvin D. Fraelich, also called by the defendant, the following appears:

"Q. Did you see the defendant Leo Vail and Robert Sage that night, in Bradner? A. Along in the evening.

Q. What time? A. Between six and seven o'clock.

Q. Where did you see them? A. At the corner of Thomas' store.

Q. What did you observe about them, as to whether they had been drinking or not? A. They acted like they had a few drinks in them.

Q. How did they act? A. Oh, kind-a foolish like."

WILLIAMS, J.

Some evidence was offered as to the intoxicated condition of Vail, but the court ruled it out and held that evidence as to such intoxication was not competent.

The following appears in the cross-examination of the plaintiff, Bertha L. McCreary:

"Q. And you went out and examined the place where the accident happened? A. Yes, sir.

Upon re-direct examination of the same witness, the following appears:

"Q. You may state when you did hear of it, whether then, at that time, you remembered of seeing Vail and Sage on the street in Bradner?

(Objection to question; sustained and exception).

The Court: This is not in this case anyhow, not in the pleadings,—not in the case.

Mr. Harrington: Expect to prove by the witness that he saw the defendant Vail and Robert Sage on the streets of Bradner the same night—the evening of the same night, when the accident occurred—the collision between the car of Mrs. McCreary and the defendant Vail's car at the Hastings residence. He saw the defendant Vail and Sage about six or seven o'clock in the evening—that same night, and they were intoxicated at that time.

The Court: Neither the petition or any of the answers raises any issue as to the intoxicated condition of any of the parties —or any question relating to the condition of the parties as to being intoxicated or not is to inject something in the evidence that is not in the issue. Neither plaintiff or defendant have a right to introduce evidence of intoxication from drinking. While it has not been followed up, yet every time an objection has been made, it has been sustained by the court. The court again says that the question of intoxication is not in this case.

Mr. Harrington: Note exception to ruling of the court.

Mr. Cheney: Move that evidence of this witness in that respect be stricken from the jury.

The Court: All evidence relating to intoxicated condition of the parties is not in this case and will go out.

Mr. Harrington: Exception."

It is evident from these recitals that the court not only ruled out all evidence as to Vail's intoxication, over the objection and exception of the defendant Haylett, but also refused to permit any further evidence relating thereto to be offered.

In the case of **Simensky, Admr. v Zwyer,** 40 Oh Ap, 275, 4 Ohio Bar, No. 45, (10 Abs 12), this court, referring to the effect of the intoxication of a guest upon the right of his administrator to recover for injuries sustained while riding as a guest in an automobile, used this language:

"This instruction also lays down the principle that to ride in a car while intoxicated is of itself negligence. There is no evidence that the decedent was dead drunk or in a stupor from intoxication. The instruction ignores the element of ordinary care. A person somewhat intoxicated is not, by reason of that fact, necessarily rendered incapable of exercising ordinary care, but his intoxication may be considered by the jury in determining whether or not, in fact, he did so."

In the instant case, however, the person claimed to have been intoxicated was the driver of one of the automobiles involved in the collision. §12628-1, GC, provides that whoever operates a motor vehicle of any kind upon a public highway or street while in a state of intoxication shall be guilty of a misdemeanor. As this statute is enacted in the interest of public safety and provides a definite rule of conduct for the driver of an automobile, a violation of it would constitute negligence per se. **Schell v Dubois,** 94 Oh St, 93 and **Heidle v Baldwin,** 118 Oh St, 375.

Had the evidence of the intoxication of Vail been admitted by the court, the jury might have found that he was guilty of negligence per se and that such negligence was the sole and proximate cause of plaintiff's injuries. Even though the defendant Haylett were guilty of negligence, which was only a remote cause of plaintiff's injuries, plaintiff would not have been entitled to a verdict against the defendant Haylett. Where two defendants are sued for concurring negligence and the negligence of one of the defendants is remote and that of the other the sole and proximate cause of plaintiff's injuries, a recovery can be had only against the latter. **Horvath v Cleveland Railway Co.,** 125 Oh St, 67, 4 Ohio Bar, No. 52, page 674. If the defendant Vail was intoxicated, that fact was a vital matter of inquiry in determining whether a verdict should be returned against the defendant Haylett. Vail testified as a witness and his intoxicated condition, therefore, if he were intoxicated, would bear directly not only upon his ability to operate his car, but upon his powers of observation and would be a factor of importance in weighing his testimony. Evidence of Vail's intoxication was competent.

We cite the case of People v Glen Townsend, — Mich., —, 183 N. W., 177, 16 A. L. R., 902, as affording an interesting discussion of the law relating to the intoxication of one driving an automobile.

The trial court seems to have attached some weight to the fact that the defendant Haylett did not allege in his answer the

intoxication of Vail as a defense. We have referred above to the allegations of the answer of the defendant Haylett and while he did not set forth the intoxication of Vail, he did plead that the accident was caused by the negligence of Vail in operating his automobile in such a manner as to strike Haylett's truck. It was neither necessary nor proper for the defendant Haylett to plead the negligence of a third party as a defense. It has been repeatedly held that a general denial puts in issue the negligence of the defendant and proximate cause, and that the defendant may show under such a denial that the injury was proximately caused by the negligence of a third person for whom he was not responsible. Such proof tends to show that defendant's negligence, if any, was not the proximate cause.

Pomeroy's Code Remedies, 5th Ed., §551, p. 902;

29 Cyc., 585;

45 C. J., 1141, §730;

Sais v City Electric Co., 188 Pac., 1110; Spear v United Rds., 117 Pac., 956; Bragg v Metropolitan Street Ry. Co., 91 SW,¹ 527.

The trial court therefore erred to the prejudice of the plaintiff in error in ruling out evidence as to the intoxication of Vail and in refusing to permit further evidence to be offered bearing thereon.

The trial court also gave to the jury before argument, the following requests submitted by plaintiff:

"I charge you that the circumstances under which this accident took place are such as to indicate that it was caused by negligence of some of the parties involved, and if you find that the defendant Robert Haylett, after dark, parked his Chevrolet motor truck on the paved portion of the highway with all four wheels thereof on the pavement and more than one foot from the southerly edge of said pavement, and that this was a direct and proximate cause of plaintiff's injuries, without any fault on her part, you must return a verdict in favor of the plaintiff and against the defendant Robert Haylett."

"I charge you that the circumstances under which this accident took place are such as to indicate that the same was caused by the negligence of some of the parties involved, and if you find that the defendant Robert Haylett, at the time and place of this accident, allowed his Chevrolet motor truck to stand upon the highway, without a red light burning on the rear of said truck, and that this was the direct and proximate cause of plaintiff's injuries, without any fault on her part, you must return a verdict in favor of the plaintiff and against the defendant Robert Haylett."

Both of these requests in substance charge that the circumstances of the accident are such as to show that it was caused by the negligence of some of the parties involved. This amounted to telling the jury that at least one of the parties involved was guilty of negligence. The court in his charge to the jury submitted the question whether the three persons involved in the accident were guilty of negligence, and so it was wholly inconsistent to tell them in the instructions referred to that one or more defendants were negligent. The giving of these requests constituted prejudicial error.

We find no other prejudicial error apparent upon the face of the record.

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

LLOYD and RICHARDS, JJ, concur.