## LAUB v MURPHY

Ohio Appeals, 6th Dist, Wood Co

No 549. Decided Nov 27, 1933

W. S. Snook, Findlay, W. A. Dietsch, Findlay, and F. A. Coller, Bowling Green for plaintiff in error.

Bowman & James, Bowling Green, for defendant in error.

## OPINION

By WILLIAMS, J.

We find one error committed by the trial court and that was in excluding evidence as to intoxication of the defendant at the time of the accident. The trial court took the position that unless the intoxication of the defendant was pleaded, no evidence of it could be introduced into the record. As the defendant was driving the north-bound car at the time, it was error to exclude evidence as to his intoxication, even though it was not in fact pleaded. The facts and circumstances surrounding a transaction involved in litigation are, as a general rule, admissible in evidence as a part of the res gestae. The fact that the driver of a car which collides with another is intoxicated, would be competent as bearing upon the question as to what caused the collision, as would be the fact that such driver was crippled or had fainted or was suddenly stricken ill, or any similar fact. It is also competent to ask a witness on cross-examination, who has testified to the transaction, whether he was intoxicated at that time, as bearing upon his powers of observation and recollection, and it would not be necessary to plead the fact of intoxication, in order to make it competent.

This court has had the question of the admissibility of evidence as to intoxication under consideration in Haylett v McCreary, 38 Court of Appeals Opinions, Sixth District, unreported, p. 313, (12 Abs 550) and Simensky, Admr., v Zwyer, 40 Oh Ap. 275, (10 Abs 12). We think what is said in this opinion is wholly consistent with the language used in those decisions.

Under §6310-18, GC, a vehicle meeting another vehicle approaching from the opposite direction is required to pass to the right. Under the peculiar circumstances of this case, and especially in view of the fact that the plaintiff turned to the left in violation of the statute, this court is of the opinion that the plaintiff was guilty of contributory negligence as a matter of law and that substantial justice has been done, notwithstanding the erroneous rulings above referred to, and that such error on the part of the trial court was harmless error.

For the reasons given the judgment will be affirmed.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Nov 27, 1933

By WILLIAMS, J.

An application for rehearing has been filed in this case and the claim is made that the record shows a conflict in the evidence upon the question whether Laub did or did not turn his car to the left in front of Murphy's car, and that therefore the question of contributory negligence of plaintiff was one for the jury and this court could not properly affirm the judgment of the court below upon the theory that the plaintiff was guilty of contributory negligence as a matter of law.

It seems that counsel have given too narrow a construction to the language of the opinion. However that may be, we are still satisfied that the undisputed evidence shows such a peculiar state of facts as to the manner in which the plaintiff managed, controlled and operated his car and such negligence on his part in failing to keep a lookout ahead and in failing to turn to the right as he approached the car of Murphy. that the trial court would have been warranted in directing a verdict for the defendant as to plaintiff's right to recover damages, and entering judgment thereon dismissing the petition.

Application for rehearing denied.

RICHARDS and LLOYD, JJ, concur.