Respectfully submitted,
/s/ L. D. MORRISON
L. D. Morrison
LDM:ABW            Chief of Police"
#13,100

### SIRATT v. WORTH CONST. CO.

#### No. 15470.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 18, 1953.

Rehearing Denied Jan. 22, 1954.

See also Driver v. Worth Const. Co., 264 S.W.2d 174.

Calloway Huffaker and Harold Green, Tahoka, for appellant.

Chas. J. Murray and M. Hendricks Brown, Fort Worth, for appellee.

BOYD, Justice.

This is a companion case to that of Driver v. Worth Construction Co., 264 S.W.2d 174, this day decided by this court. In the opinion in that case will be found a detailed statement of the facts.

In the accident out of which this suit arose, appellant Ira Siratt was injured and Boyd Driver lost his life. The jury found that appellee Worth Construction Company was guilty of negligence proximately causing the injuries of appellant and the death of Driver; that the deceased, who owned and was driving the automobile in which he and appellant were riding at the time of the accident, was contributorily negligent, and that deceased and appellant were then and there engaged in a joint expedition. No issue of negligence was found

against appellant. The jury found that appellant was damaged in the amount of $22,880. Upon these findings the court rendered judgment for appellee.

■ The first question in the appeal is whether the finding that appellant and Driver were engaged in a joint expedition is supported by the evidence.

Appellant was employed at Tuck's Grill, a cafe in downtown Fort Worth. He lived two or three blocks from the cafe. On the night in question deceased, who worked part time at the cafe, drove there for the purpose of talking to the proprietor about full-time employment. While at the cafe, he and appellant drank a considerable quantity of beer. The cafe was closed about 1:30 A. M., and the proprietor and his wife accepted deceased's offer to drive them to their home in River Oaks, several miles northwest of downtown Fort Worth. Deceased asked appellant to go with them, saying he wanted company back to town. Deceased lived southeast of the business district of Fort Worth, and the normal course from River Oaks to his home would be through town, and near appellant's home. Appellant went along for the ride and because he was asked to go. He had known deceased for several months, and enjoyed being with him. Both appellant and deceased took some cans of beer from the cafe. Appellant rode in the front seat with deceased, who drove the car. The proprietor and his wife were in the back seat. In going to the proprietor's home deceased drove west on Highway 183. At that time there was under construction another lane south of and parallel to the highway then in use, with a 29 foot open space between the two lanes. The lane under construction had not been opened to traffic. Deceased left the old lane of the highway at Merritt Street, turned to his left and crossed the open space between the old highway and the lane then under construction, crossed the new lane, and proceeded to the home of the proprietor.

On the return trip to town deceased drove north on Merritt Street, across the newly paved lane, across the open space between the new pavement and the lane that was open to traffic, thence across the old lane and a short distance beyond, and then turned his car around and recrossed the open lane and the open space between it and the new pavement, and at the intersection of Merritt Street and the newly paved lane he turned to his left on to the new pavement and proceeded east thereon. There was an unpaved gap of about 30 feet in the new pavement at its intersection with Ohio Garden Road, some 800 feet east from Merritt Street. The surface of Ohio Garden Road at that point was about 16 inches below the surface of the new pavement. The car went into and across the gap and struck the abutment of the pavement which began on the east side of Ohio Garden Road. As a result of the impact the driver of the car was killed and appellant was injured.

The jury found that deceased was negligent in not traveling on the old portion of the highway, and that such negligence was a proximate cause of the collision. It further found that appellee was negligent in not having a barricade on the new concrete roadway at its intersection with Ohio Garden Road, and that such negligence was a proximate cause.

Appellant testified that he thought he could have told deceased anything he wanted to about driving; that if deceased had driven recklessly he could have told him that he was doing so; and that he thought he would have had the right to remonstrate with deceased about his manner of driving if he believed his life was endangered.

We have reached the conclusion that the finding that appellant and the deceased were engaged in a joint expedition is not supported by the evidence.

■ "As applied to occupants of a conveyance, the doctrine of joint enterprise not only requires joint possession thereof by the joint adventurers, but they must also have joint control and responsibility for its operation. Simensky v. Zwyer, 40 Ohio App. 275, 178 N.E. 422. * * *"

El Paso Electric Co. v. Leeper, Tex.Com. App., 60 S.W.2d 187, 189.

"In order to constitute occupants of a conveyance joint adventurers, there must be not only joint interest in the objects and purposes of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance. * * *" 65 C.J.S., Negligence, p. 814, § 168.

"* * * a mere guest or gratuitous passenger riding with the operator of a conveyance by invitation is not engaged in a common or joint enterprise with the operator, and this is so notwithstanding the guest asks to be driven to a certain place, indicates the route to be taken, points out the dangers to be encountered, or takes turns in driving, and notwithstanding both parties have certain plans in common, and a common destination; * * *." 65 C.J.S., Negligence, p. 824, § 168. See, also, City of Amarillo v. Rust, Tex.Civ.App., 45 S.W.2d 285; Garcia v. Moncada, 127 Tex. 453, 94 S.W.2d 123; Magnolia Petroleum Co. v. Owen, Tex.Civ.App., 101 S.W.2d 354; West Texas Coaches, Inc. v. Madi, Tex.Civ.App., 15 S.W.2d 170; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474; Logwood v. Nelson, 35 Tenn.App. 639, 250 S.W.2d 582; Schuhmacher Co. v. Holcomb, Tex.Civ.App., 174 S.W.2d 637; 30 Tex.Jur. p. 784, sec. 112; 5 Am.Jur., p. 786, sec. 501; 38 Am.Jur., p. 939, sec. 249; Fort Worth & Denver City Ry. Co. v. Looney, Tex.Civ.App., 241 S.W.2d 322, writ refused, n. r. e.; El Paso City Lines, Inc. v. Smith, Tex.Civ.App., 226 S.W.2d 498, writ refused; Ener v. Gandy, Tex.Civ.App., 141 S.W.2d 772.

■ As we understand the rule laid down by the above authorities, the issue of joint expedition is not raised by the evidence. Appellant was deceased's invited guest, and had no control or right of control over the vehicle or its operation. That he would have felt that he had the right to caution deceased had he considered his life in danger, or if in his opinion deceased was driving recklessly, does not imply any right or claimed right of control of the vehicle;

and had he remonstrated with deceased because of any reckless driving, he would have done no more than any prudent man should have done. A guest passenger in an automobile is not at liberty to shut his eyes to obvious danger. Texas-Mexican R. Co. v. Hoy, Tex.Com.App., 24 S.W.2d 18; Texas City Terminal Co. v. Showalter, Tex.Civ.App., 257 S.W. 621; Boland v. St. Louis-San Francisco R. Co., Mo.Sup., 284 S.W. 141; Phillips v. Davis, 3 Cir., 3 F.2d 798; Parramore v. Denver & R. G. W. R. Co., 8 Cir., 5 F.2d 912. But that is not the same as saying that he has a right equal to that of the owner and driver of the vehicle to control its operation. We sustain appellant's point that the finding that he and deceased were on a joint expedition is not supported by the evidence.

■ Appellee contends that if the judgment must be reversed, it cannot be rendered because of the refusal of the court to order a mistrial when appellant gave testimony which it contends indicated that appellee was covered by insurance, and because of the refusal of the court to submit certain requested issues. We think such counterpoints are not well taken.

Appellant was treated for his injuries in a Veterans' Hospital, and he sued for reimbursement for hospital care and medical and surgical bills, and on his cross-examination appellee's counsel, while attempting to have identified an assignment from appellant to the Veterans' Administration of all causes of action for hospital care and medical and surgical treatment, asked appellant and appellant answered, as follows:

"Q. Does that look like your signature? A. Yes, sir.

* * * * * *

"Mr. Huffaker: What is the purpose of counsel's desire to prove that instrument up?

"Mr. Brown: You have sued for some hospital and doctor bills and I want to show—that very instrument has to do with whether you are enti-

tled to recover any hospital and doctor bills.

"Mr. Huffaker: All right. We have no objection.

"By Mr. Brown:

"Q. You signed that didn't you? A. Yes, sir, if that is what it is I did.

"Q. It says 'power of attorney and agreement' doesn't it? A. I didn't read it.

"Q. Well you knew what was in it didn't you? A. The man where I signed it (at the Veterans' Hospital) told me that they always ask the insurance company for the hospital bill, but they didn't have to pay it; some of them did and some didn't."

At this juncture appellee moved for a mistrial because of the reference to insurance.

We do not believe this point presents error under the following authorities: Rule 434, Texas Rules of Civil Procedure; Horton v. Benson, Tex.Civ.App., 266 S.W. 213, affirmed, Tex.Com.App., 277 S.W. 1050; Russell v. Bailey, Tex.Civ.App., 290 S.W. 1108, writ dismissed; Herrin Transp. Co. v. Peterson, Tex.Civ.App., 216 S.W.2d 245, writ refused; Russell v. Martin, 121 Tex. 488, 49 S.W.2d 699; Humble Pipe Line Co. v. Kincaid, Tex.Civ.App., 19 S.W.2d 144, writ refused; Texas Cities Gas Co. v. Ellis, Tex.Civ.App., 63 S.W.2d 717; Levy v. Rogers, Tex.Civ.App., 75 S.W.2d 304, writ dismissed; Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d 373, writ dismissed. In the last-cited case, the defendant asked the plaintiff's witness if she had not spoken about making a statement, and she replied that she made the statement to the insurance adjuster. In holding that error was not reflected, the court pointed out that the answer of the witness did not remotely disclose what connection, if any, that adjuster had with the matter in controversy, nor whether the adjuster represented an insurer of the defendant or the plaintiff, and said that the statement could apply to one as well as to the other. We

think the statement of the court is applicable to the instant case, where the insurance referred to could mean hospitalization as well as public liability coverage.

In Russell v. Bailey, supra, it is said that the custom of carrying casualty insurance is so universal and so generally recognized that a mere incidental reference to the fact that the defendant was thus protected would not constitute error in the absence of showing of injury.

In Russell v. Martin, supra, it was held that error was not shown when a physician, who was the defendant's witness, was asked by the plaintiff's counsel at whose suggestion he had examined the plaintiff, and the witness answered: " '* * * "I examined her for Mr. Brown—Marvin Brown * * *. Some insurance company, I don't remember." * * *' " In Texas Cities Gas Co. v. Ellis, supra [63 S.W.2d 722], the plaintiff's witness was asked by plaintiff's counsel what he and the defendant's manager talked about, and the witness answered, " '* * * I told him if his company—I didn't know that he had private insurance for damages, that their company individually had to stand their damages, and I told him it is better for him to settle * * *.' " It was held that error was not shown, notwithstanding the court construed the statement as "The reference by the witness to the subject of indemnity insurance which he then understood appellant carried * * *."

■ The requested issues which the court refused would have asked whether deceased had an open can of beer in his hand; and whether he had an open can of beer in the front part of his car, with the conditional questions as to whether such acts were negligence and proximate causes; and whether appellant knew that deceased had an open can of beer in the front portion of his car, and the conditional question as to whether appellant was negligent in riding with deceased when he knew or should have known that deceased had an open can of beer in the front portion of his car; and whether such negligence, if any, was a proximate cause.

We believe these issues were covered by those actually submitted. The court inquired if deceased had his car under proper control; if he kept a proper lookout for his own safety and for the condition of the roadway on which he was traveling; if he was driving at a negligent rate of speed; if appellant failed to keep a proper lookout for the condition of the roadway on which he was traveling, and whether such failure was a proximate cause; if appellant was negligent in failing to warn deceased of the flares at the Merritt Street intersection; if appellant was negligent in failing to warn deceased of the condition of the roadway on which they were traveling as they proceeded toward the scene of the accident; and if appellant was negligent in failing to request the deceased to slacken the speed of his car as it approached the Ohio Garden Road intersection. All of such issues were answered against appellee.

The issues as to whether deceased had an open can of beer in his hand or in the front portion of the car were evidentiary, and the ultimate issues were whether he was driving at a careful rate of speed; whether he had his car under proper control; and whether he kept a proper lookout for his own safety and for the condition of the roadway.

■ Even though a reversal is compelled since no issue of negligence was found against appellant, and deceased's negligence was not imputable to him, we have reached the conclusion that judgment cannot be here rendered for appellant, notwithstanding the fact that primary negligence proximately causing his injuries was found against appellee. We think there is conflict between the various answers of the jury relating to the alleged negligence of appellee.

The jury answered "No" to the following inquiries: Did appellee fail to have a barricade on the new concrete roadway at its intersection with Merritt Street sufficient to prevent the traveling public from entering upon such roadway; did appellee fail to have signs at the Merritt Street intersec-

tion sufficient to give notice to the traveling public that the new roadway was not open to traffic; did appellee fail to have flares at said intersection sufficient to give notice to the public not to enter upon the new roadway; did appellee fail to have sufficient warning flares on the new roadway at its intersection with Ohio Garden Road; and did appellee fail to have sufficient warning signs on the new roadway at its intersection with Ohio Garden Road. But the jury answered that appellee was negligent in failing to have a barricade on the new roadway at the Ohio Garden Road intersection, and that such negligence was a proximate cause of appellant's injuries.

We think that the "No" answers mentioned above constitute in effect a finding that appellee exercised ordinary care to prevent the traveling public from entering the new roadway and gave sufficient notice that the new roadway was not open to traffic, by placing the barricade, the warning signs and the flares at the intersection of Merritt Street and the new roadway, as well as a finding that the appellee exercised ordinary care to warn the public not to approach or use the Ohio Garden Road intersection, by placing the flares and warning signs at that intersection; and that the answer that appellee was negligent in failing to have a barricade at the Ohio Garden Road intersection amounts to a finding that it did not exercise ordinary care to warn the traveling public not to approach or use the Ohio Garden Road intersection. The real issue was whether appellee exercised ordinary care to protect the traveling public. It adds nothing to say that a flagman could have been stationed there, or gates could have been erected and locked. If appellee discharged its duty to appellant by the precautions it actually took, it was not derelict in failing to do something more. Appellee could not at once do a thing and fail to do it.

"There is no rule of priority, indeed there is no priority, in the degree of importance to be attached to any particular finding. So that, where two findings with respect to a definite fact material to the judg-

ment, are such that both cannot be true and therefore cannot stand at the same time, there is a fatal conflict." Speer's Special Issues, p. 560, sec. 431; Ford Rent Co. v. Hughes, Tex.Civ.App., 90 S.W.2d 290; Williams v. Zang, Tex.Com.App., 279 S.W. 815; 41-B Tex.Jur., p. 802, sec. 582.

■ Where there is material conflict in the answers of the jury there is no basis for a judgment. Such conflict cannot be waived by the parties. In Radford v. Automobile Underwriters of America, Tex.Com. App., 299 S.W. 852, 853, the court said: "The foundation of a judgment in a case wherein a jury intervenes is the verdict on material issues. The constitutional right of a trial by jury is not to be evaded in whole or given an attenuated strength through the device of giving actual effect to a verdict whose important terms are mutually destructive. Against these views plaintiff in error urges that the error was invited. Whether so, in truth, we do not consider, for the vice pertains to the power to render judgment (Van Valkenburg v. Ruby, 68 Tex. 139, 3 S.W. 746; Claiborne v. Tanner['s Heirs], 18 Tex. 68; Moore v. Moore, 67 Tex. 293, 3 S.W. 284), which is given by law and not by consent of the parties." The Radford case was quoted from and cited with approval by the court in Interstate Trust & Banking Co. v. West Texas Utilities Co., Tex.Civ.App., 88 S.W.2d 1110. In Kilgore v. Howe, Tex. Civ.App., 204 S.W.2d 1005, 1007, it is said: "No complaint has been made about it (the conflict) by either party and no error assigned but conflicts in the jury's answers to material issues constitute fundamental error and must be reviewed by the appellate court even if not assigned as error. Marshall v. Hall, Tex.Civ.App., 151 S.W. 2d 919, writ dismissed." To the same effect is the late case of Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

The judgment is reversed and the cause remanded.