, Fay, Appellee, *v.* Thrasher, Appellant.

(No. 365—Decided January 24, 1946.)

*Mr. Rex W. Hanna* and *Mr. Roy W. Roof,* for appellee.

*Mr. Carl W. Lortz,* for appellant.

Jackson, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Hardin county.

The issues are made by the amended petition and answer.

The action stems in negligence which resulted in injury to the plaintiff as a paid passenger in an automobile.

The defendant filed an answer to the amended petition, which answer consists of two defenses, one being a general denial and the second alleging that the in-

juries to the plaintiff were caused solely and entirely by the negligence of the plaintiff himself and through no fault or negligence of the defendant.

The amended petition alleges facts showing that the plaintiff was a paid passenger, and the action is one for personal injuries. The negligence charged is that the driver selected by the defendant, in the operation of the automobile so manipulated it that it overturned as the result of such negligent operation, thereby causing the injuries to the plaintiff.

The facts are substantially as follows: On the 10th day of January, 1944, the plaintiff was being carried in the automobile of the defendant, from the Lima Tank Depot in the southwestern part of Lima, Ohio, to the city of Kenton, Ohio, a distance of approximately 30 miles. All of the parties in the automobile were employed on the night shift at the Lima Tank Depot, and lived in the city of Kenton or in the immediate vicinity of such city. They left the Lima Tank Depot together in defendant's automobile at approximately seven o'clock in the morning. In the automobile, in addition to the plaintiff and defendant, were two other passengers, Walter Zurcher and Willis Fay. The automobile was driven by the defendant from the tank depot to the main business section of Lima, Ohio, where all the persons in the automobile stopped at a place known as Stone's Grill, where intoxicating liquors and wines are dispensed. While at Stone's Grill the defendant was taken sick and under his direction the operation of the automobile was taken over by Walter Zurcher. As they left Stone's Grill and until the time of the accident in which the plaintiff received his injuries the occupants of the automobile were seated as follows: Walter Zurcher was on the left side driving, Willis Fay, the brother of the plaintiff, was sitting on the right side of the front seat, and the defendant and plaintiff

were riding in the rear seat. After leaving Stone's Grill the automobile stopped again at a place about seven miles east of Lima, on the direct route to Kenton, on what is known as U. S. route 30S, at an inn where beverages and sandwiches were sold. On the way between Stone's Grill and the inn, Walter Zurcher, the driver of the automobile, swayed it from one side of the road to the other in a spirit of levity to awaken the two riders in the rear seat. Plaintiff immediately protested to the driver, Zurcher, as to such operation of the automobile and the driver immediately heeded the protest and from thenceforth to the inn proceeded to drive in a proper manner. When the automobile was stopped at the inn, Zurcher and Willis Fay left the automobile and went inside, leaving the plaintiff and the defendant in the automobile. A short time later, plaintiff went into the inn, or at least to the door of the inn, and requested Zurcher to proceed on to Kenton. After proceeding from the inn, at a place four or five miles east of Maysville, Ohio, and two miles east of Ada, Ohio, or approximately 14 miles west of Kenton, Ohio, Zurcher, the driver, after passing a gasoline truck going in the same direction, again swerved the automobile from side to side of the road. The plaintiff and another passenger in the car protested against such manner of driving, but immediately following such protest and before the driver could act thereon the swaying of the automobile caused it to turn over and land right side up on the right side of the road with the rear end completely in the ditch and with the front wheels above the ditch. The overturning of the automobile was the cause of the injuries sustained by the plaintiff.

The plaintiff alleges that he suffered many cuts and contusions on his head and face; great nervous shock; that the muscles and ligaments in his left shoulder and

arm were sprained and torn, as well as a sprain and separation of the sacroiliac joints and dislocation of one of the vertebrae in his back; and that the muscles and ligaments in the scrotum and groin were sprained and torn.

The occasion for the plaintiff riding in the automobile of the defendant arose by reason of an arrangement between them whereby the use of each other's automobiles was to be employed in conveying them to and from their place of employment, but in any event whichever automobile was used for the designated week, the other party was to pay to the owner of the one being used, the sum of four dollars per week. The evidence indicates that the plaintiff's automobile was never used in trips to the Lima Tank Depot and that the plaintiff did pay the stipulated amount of four dollars a week to the defendant.

That situation constituted the plaintiff a paid passenger in contradistinction to a guest.

The jury returned a verdict for $3,500, on which verdict judgment was entered after a motion for new trial was overruled.

The defendant (appellant herein) assigns five specifications of error which occurred in the trial of the cause.

Assignment of error No. 1. The court erred in its general charge in withdrawing from the jury the question of joint enterprise.

There is nothing in the record to show any set of circumstances which in any wise could constitute the plaintiff and defendant in a joint enterprise, the plaintiff having no control over the automobile. A joint enterprise within the law of imputed negligence is a joint execution of a common purpose under such circumstances that each member of such enterprise has the authority to act for all in respect to the control of

the agencies employed to execute such common purpose.

There is no evidence that plaintiff had any control over the automobile or authority to act for the defendant and consequently there is no evidence showing joint enterprise under the rule above mentioned. *Bloom v. Leech, Admr.*, 120 Ohio St., 239, 166 N. E., 137; *Simensky v. Zwyer*, 40 Ohio App., 275, 178 N. E., 422.

Therefore, the court did not err in withdrawing from the jury the question of joint enterprise, and such assignment of error is overruled.

Assignment of error No. 3. The record establishes that the defendant was paid by the passenger plaintiff, and there is some evidence, of little or no weight, that the defendant and the passenger plaintiff exchanged services. It is of no consequence whether the plaintiff actually paid compensation to the defendant or exchanged services with him. *Miller v. Fairley,* 141 Ohio St., 327, 48 N. E. (2d), 217.

We hold, as a matter of law, that the plaintiff was a paid passenger. Assignment of error No. 3 is, therefore, overruled.

Assignment of error No. 4. The record discloses that there was credible and substantial evidence tending to prove all the facts essential to a recovery by the plaintiff, and consequently the court did not err in refusing to sustain the motion for a directed verdict. Assignment of error No. 4 is, therefore, overruled.

Assignment of error No. 5. The verdict of the jury was against the weight of the evidence. There is no merit in this contention and assignment No. 5 is overruled.

In Assignment of error No. 2, the defendant complains that there is error involved because the court in its charge withdrew from the jury the question of assumption of risk.

It is to be noted that the defendant did not plead assumption of risk as a defense.

There is nothing in the record indicating that the defendant expressly requested the court to charge the jury upon the question of assumption of risk. However, we do find in the general charge of the court, the following statement:

"Defendant claims that under the facts disclosed by the evidence plaintiff assumed the risk of riding in the car and that such assumption thereof precludes him from any recovery, notwithstanding the alleged negligence, if any, of defendant's agent. While this is likewise a correct proposition of law under certain circumstances nevertheless upon consideration of the factual situation disclosed by the undisputed evidence on this point, the court concludes and you are instructed that plaintiff did not assume the risk and would not be precluded from recovery on that theory."

Although defendant did not expressly request a charge on the subject of assumption of risk by the plaintiff, the above quotation from the general charge of the court shows that the defendant had called the attention of the court to his contention that an issue of assumption of risk had been raised by the evidence in the case and that the court should charge the law applicable to such issue. In such situation, if an issue of assumption of risk was raised by the evidence in the case, the court erred when it was called to his attention as above mentioned, in refusing to charge on such issue, notwithstanding such issue was not pleaded.

The defense of assumption of risk in cases of this character is similar in this respect to that of contributory negligence in that if such issue is raised by the evidence in the case it is the duty of the court, upon request, to charge upon it irrespective of whether such defense is pleaded.

We shall, therefore, consider the law applicable to the defense of assumption of risk and whether such issue was raised by the evidence.

We have found only one reported case in Ohio in which assumption of risk has been held to be a defense in an action for damages brought by a person riding as a guest in his host's automobile, for personal injuries sustained by him through the negligence of his host. This is the case of *Gill, Jr., a Minor,* v. *Arthur,* 69 Ohio App., 386, 43 N. E. (2d), 894. The Supreme Court, apparently, has not passed on this question.

In 29 Ohio Jurisprudence, under the subject of Negligence, the following statement with reference to assumption of risk appears at Section 91 on page 536:

"It is generally recognized that contributory negligence and assumption of risk are distinct and different defenses. At times, however, courts loosely use the expression 'assumption of risk' in the sense of contributory negligence. The rule is, that one who exposes himself to an obvious and appreciated danger, even though he should not appreciate the full extent of the danger, assumes the risk of injury that may result to him therefrom. Under ordinary circumstances, a person fully aware of a danger, who ignores it, assumes the risk incident to such danger. Where the injured party knowingly and deliberately assumes the risk that leads him into immediate danger, he ought not to have a remedy for injuries brought on by his own act, and arising from perils that are obvious and certain."

The following statement as to assumption of risk appears under the heading of Negligence, in 38 American Jurisprudence, 845, Section 171:

"The principle that one who voluntarily assumed the risk of injury from a known danger is debarred from a recovery is recognized in negligence cases. As stated, a plaintiff who, by his conduct, has brought him-

self within the operation of the maxim, '*volenti non fit injuria*,' cannot recover on the basis of the defendant's negligence. In the words of the maxim as translated, 'that to which a person assents is not esteemed in law an injury.' Although there is authority for confining the doctrine of assumption of risk to cases arising out of the relation òf master and servant, or at least to cases involving a contract relationship, it is now fairly well settled that the defense of assumed risk may exist independently of the relation of master and servant. The maxim, '*volenti non fit injuria*,' applies in a proper case independently of any contract relation. It is said that one who knows, appreciates, and deliberately exposes himself to a danger 'assumes the risk' thereof. One cannot deliberately incur an obvious risk of personal injury, especially when preventive measures are at hand, and then hold the author of the danger for the ensuing injury.''

In 4 Restatement of Law of Torts, Chapter 45, Section 893, page 491, the following rule is laid down with reference to voluntary exposure to risk as a defense:

''A person who knows that another * * * is doing a dangerous act * * *, and who nevertheless chooses * * * to remain within * * * the area of risk is not entitled to recover for harm unintentionally caused to him * * * by the other's conduct * * * except where the other's conduct constitutes a breach of duty to him or to a third person and has created a situation in which it is reasonably necessary to undergo a risk in order to protect a right or avert a harm.''

In comment (b) under the above rule it is stated that this defense is effective in a situation ''where the defendant's conduct would be wrongful to the plaintiff but for the plaintiff's assent to its continu-

ance and where the plaintiff is willing or desirous of having the conduct continue."

In 4 Blashfield's Cyclopedia of Automobile Law (1935 Ed.), Chapter 70, Section 2512, page 333, subject, Assumption of Risk, it is stated:

"Where a guest enters an automobile with knowledge that the driver is incompetent or inexperienced, or, after he has assumed his position in the car, it comes to his knowledge that the driver is reckless in his driving, and with such knowledge he aids or encourages the driver or acquiesces in such recklessness, he takes the chances of an accident, and, in case an accident occurs arising from such known incompetency, inexperience, or recklessness, he cannot recover against the driver; for in such case he assumes the risk of accident by inciting the driver's natural predisposition to operate the vehicle in an irresponsible manner."

In the case of *Young* v. *Nunn, Bush & Weldon Shoe Co.*, 212 Wis., 403, 249 N. W., 278, it is held that an automobile guest will be considered to acquiesce in any course of driving that has persisted long enough to give the guest an opportunity to protest and thus indicate disapproval of the manner of driving.

In 38 American Jurisprudence, under the subject of Negligence, Section 172, at page 847, the defense of contributory negligence is distinguished from the defense of assumption of risk, as follows:

"The defense of assumption of risk is closely associated with the defense of contributory negligence. One who does not exercise ordinary care for his own safety is said, speaking broadly, to assume the risk, that is, take the chance, of being hurt. The defense of assumption of risk is not incompatible with contributory negligence; the two defenses may arise under the same state of facts. Some courts regard the defenses

as interchangeable. However, there is a clear distinction between the defense of assumption of risk and the defense of contributory negligence, notwithstanding they may arise under the same set of facts and may sometimes overlap. There is a line of demarcation which, if carefully scrutinized and followed, will allow the court to differentiate between them. Assumption of risk rests in contract or in the principle expressed by the ancient maxim, '*volenti non fit injuria*,' whereas contributory negligence rests in tort. The former involves a choice made more or less deliberately and negatives liability without reference to the fact that the plaintiff may have acted with due care, whereas the defense of contributory negligence implies the failure of the plaintiff to exercise due care. As stated in some decisions, assumption of risk is a mental state of willingness, whereas contributory negligence is a matter of conduct.''

From the foregoing authorities, including the case of *Gill, Jr., a Minor,* v. *Arthur, supra,* we conclude and hold:

1. That assumption of risk may constitute a defense in an action brought by a passenger for hire against the owner of an automobile for damages by reason of personal injuries sustained as such passenger, through the carelessness, recklessness or negligence of the person driving such automobile at the direction of the owner.

2. Asumption of risk rests in contract or in the principle expressed by the ancient maxim, ''*volenti non fit injuria*,'' whereas contributory negligence rests in tort.

3. That such defense is available in a situation where the conduct of the driver of the defendant's automobile would be wrongful to the plaintiff but for the plaintiff's assent to its continuance and where the plaintiff is willing or desirous of having the conduct continue.

4. An automobile passenger for hire will be consid-

ered to acquiesce in any course of driving that has persisted long enough to give him an opportunity to protest and for the driver to heed his protest and avoid injuring him.

5. Where insufficient time elapses from the adoption of an improper course of driving by the driver of an automobile, for a passenger to protest against such course of driving and for the driver to heed such protest and correct his manner of driving and thereby avoid injuring him, the passenger will not be considered as acquiescing in such course of driving.

6. Where an automobile passenger protests against any improper course of driving and the driver of the automobile heeds such protest and discontinues such course of driving, such passenger will not, by reason of such previous improper course of driving, be considered as acquiescing in a subsequent improper course of driving by such driver.

7. It is only in cases where the driver of an automobile persists or threatens to persist in an improper course of driving, over the protests of a passenger, and the passenger has an opportunity to alight therefrom and avoid injuries that may be occasioned by such improper course of driving, that the passenger may be held to have acquiesced in such improper course of driving.

The defendant argues in his brief in the instant case that as the plaintiff had observed the reckless manner in which the defendant's driver was operating the automobile prior to their arrival at the inn seven miles east of Lima, on the way to Kenton, and there had an opportunity to leave the automobile when it stopped at the inn, but instead had asked the driver to proceed in the automobile to Kenton, and remained in the same, a factual situation was presented requiring the submission of the issue of assumption of risk on the part of the plaintiff to the jury.

There is no evidence in the case that the plaintiff assented to or was willing or desirous of having the reckless conduct of the defendant's driver, exhibited on the way from Lima to the inn, continue. In fact, the evidence shows conclusively that the plaintiff admonished the driver concerning his reckless operation of the car prior to their arrival at the inn and that defendant's driver immediately heeded such admonishment and thereafter operated the automobile in a proper manner until and after the arrival at the inn.

Tested by our holdings hereinbefore mentioned, there is no evidence that the plaintiff acquiesced in the improper course of driving subsequently adopted by the driver immediately preceding the overturning of the automobile, resulting in plaintiff's injuries, as it is apparent from the evidence that the automobile overturned immediately following the adoption of such course of driving by the driver and that insufficient time elapsed from the adoption of such improper course of driving, for the plaintiff to protest against the same and for the driver to heed such protest and correct his manner of driving and avoid injuring the plaintiff.

There being no evidence of acquiescence on the part of the plaintiff to the improper course of driving by defendant's driver, the evidence did not warrant the submission of the issue of assumption of risk to the jury. The court, therefore, did not err in refusing such submission.

Whether the evidence in the case warranted the submission of the issue of contributory negligence on the part of the plaintiff, it is unnecessary to determine as the defendant did not request such submission. *Langdon* v. *Cincinnati Street Ry. Co.*, 75 Ohio App., 482, 62 N. E. (2d), 380.

For the reasons mentioned, we find no error in any of the particulars assigned and argued in defendant's

brief, and the judgment of the Common Pleas Court is affirmed, at costs of appellant, and the cause is remanded for execution.

*Judgment affirmed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.