GLASS ET AL., APPELLANTS, *v.* HOMA, EXRX., APPELLEE.
LANDOLFI ET AL., APPELLANTS, *v.* HOMA, EXRX., APPELLEE.
KOVACH, EXRX., APPELLANT, *v.* HOMA, EXRX., APPELLEE.

(Nos. 72 C. of A. 14, 72 C. of A. 15 and 72 C. of A. 16—
Decided July 26, 1972)

*Mr. Carmen A. Policy,* for appellants Jack L. Glass, Antonette Glass, Gregory Landolfi and Margaret Landolfi.
*Mr. William J. Kish,* for appellant Elizabeth A. Kovach.
*Mr. William E. Pfau, Jr.,* for appellee.

LYNCH, J. Plaintiffs, appellants herein, are appealing the decision of the trial court sustaining the motion for summary judgment filed by defendant, appellee herein.

This is a personal injury case brought by plaintiffs against defendant for damages resulting from the allegedly negligent operation of a motor vehicle by the decedent of defendant.

The three plaintiffs filed separate actions, however they all arise out of a common accident and, by agreement of all parties, the three cases were consolidated for the purpose of this appeal.

Plaintiffs, Gregory Landolfi, Jack L. Glass and Frank L. Kovach (decedent of plaintiff Elizabeth A. Kovach) and John S. Homa, Jr. (decedent of defendant Helen C. Homa) lived within three or four blocks of each other and worked for Wean Industries in Warren, Ohio. For approximately eight months prior to the accident, they had a car pool arrangement which provided for each to take turns furnishing his car and driving the others to and from work from their residences at his own expense. No payments of cash among the group was provided for.

The accident occurred on August 19, 1970, while John S. Homa, Jr. was driving the others from work, and it resulted in fatal injuries to Mr. Homa and Mr. Kovach and injuries to plaintiffs Mr. Landolfi and Mr. Glass. Mr. Homa's car skidded out of control on a wet pavement onto the wrong side of the road and collided with another vehicle.

The trial court held that since there was no contract or agreement between the members of the car pool arrangement for any payment for the services or expenses of the driver of the car by any of the passenger members of the car pool arrangement, the passenger members of the car pool arrangement were "guests" rather than "paying passengers" under the provisions of R. C. 4515.02. The trial court cited as authority for his decision the fourth paragraph of the syllabus of *Hasbrook* v. *Wingate,* 152 Ohio St. 50, which is as follows:

"The test whether a passenger status existed at the time of an accident resulting in an injury to the passenger

is the existence of the right of the motorist host to recover in an action at law the reasonable or agreed value of the transportation furnished.''

In our opinion, the facts of the *Hasbrook* case are not similar to those of the instant case, and paragraph 4 of the syllabus of the *Hasbrook* case is not applicable to the facts in this case. We hold that paragraph three of the syllabus of the *Hasbrook* case to be applicable to the facts in this case. It reads, in pertinent part, as follows:

''Where, in the carrying of a rider, a motor vehicle's direct operation tends to promote the mutual interests of both the rider and driver, thus creating a joint business relationship between them * * * the rider is a 'passenger' and not a 'guest' * * *.''

This principle of law is reiterated in the cases of *Burrow* v. *Porterfield,* 171 Ohio St. 28, and *Hyer* v. *Velinoff,* 28 Ohio App. 2d 211.

We hold that the controlling Ohio decision in the instant case is *Lisner* v. *Faust,* 168 Ohio St. 346, in which the Ohio Supreme Court held that a child is a "paying passenger" and not merely a "guest" under the provisions of R. C. 4515.02 while he is being transported from his home to his school in an automobile driven by one of a group of parents who have entered into a definite mutual agreement to perform their proportionate share of the services of providing such transportation for their own children. The court held that a mutual agreement between mothers of seven children pursuant to which each of the mothers agreed to drive the children one day of each week during the school term indicated a business relationship whereby each mother thereto was saved time and expense in the task of transporting her child to and from school. The court stated, at page 349: "it seems to be a bit unrealistic to label such an alleged definite agreement in the category of a mere arrangement incidental to pleasure, hospitality or social good will."

We can see no difference in principle between a car pool agreement between parents for the transportation of their children to and from school and a car pool agreement between workers for the transportation of themselves to and from work. Both saved expense to the parties there-

of in necessary transportation. Neither transportation was incidental to pleasure, hospitality or social good will. Therefore, we hold that a motor vehicle passenger traveling to and from his place of employment under a definite share-the-ride arrangement or car pool arrangement whereby each person takes a turn furnishing his car and driving the others to and from work at his own expense is a "paying passenger" and not merely a "guest" under the provisions of R. C. 4515.02. See *Fay* v. *Thrasher,* 77 Ohio App. 179 at 183; annotation 10 ALR 3d 1087 at 1095.

Therefore, we hold that the trial judge committed error in sustaining defendant's motion for summary judgment.

The judgment is reversed and the cause remanded for further proceedings in accordance with this decision.

*Judgment reversed.*

O'NEILL, P. J., and JOHNSON, J., concur.