HARDY, Judge.
This is an action ex delicto for damages in the nature of personal injuries. The suit against the two insurance companies originally joined as party defendants was dismissed in view of the fact that the accident which was the cause of the plaintiff’s injuries occurred in the State of Texas where the Direct Action Statute under Louisiana law would be inapplicable. For this reason, the sole remaining defendant is D. S. Norris, a resident of Morehouse Parish, Louisiana.
The facts, the issues and the law have been admirably set forth in the reasons for judgment assigned by the trial judge, which we quote, in extenso, as follows:
“This is a suit by Sidney E. Kay against Lumbermen’s Mutual Casualty Company, Firemen’s Insurance Company of Newark, New Jersey, and D. S. Norris, for the sum of $112,871.85 for personal injuries and damages incurred as a result of an accident which occurred on January 23, 1962.
“Plaintiff alleges in his petition that Sidney E. Key, petitioner, D. S. Norris and Vallery E. Rains, residents of Bastrop, Morehouse Parish, Louisiana have made about three trips a year to the market in Dallas, Texas to buy merchandise for their stores located in Bastrop, Louisiana. The three would alternate furnishing car and expenses and would stay together while in Dallas. In addition, they would assist each other in any way possible, even to the extent of placing orders for each other or together. On January 23, 1962, the three men left Bastrop together in Mrs. Vallery E. Rains’ automobile, with the plaintiff, Sidney E. Kay, driving. Near the Texas line, D. S. Norris replaced Sidney E. Kay as the driver and drove the automobile until the accident involved in this suit occurred.
“It is further alleged in the plaintiff’s petition that when they left Bastrop the weather was cold and it was misting rain. Before reaching-Big Sandy Creek Bridge, icing conditions were encountered. Mr. Kay and Mr. Rains had warned the driver, Mr. Norris, several times that he should slow down and that he was driving too fast under the circumstances and that they were likely to encounter icing conditions on the road. In addition thereto, highway signs had been put up warning of ice on the bridge. At approximately 9:30 A.M. as they were proceeding west on U. S. 80 approximately 6.4 miles west of Gladewater, Texas, D. S. Norris, while driving the automobile, struck a concrete guard post, causing the injuries and property damage incurred by the plaintiff, Sidney E. Kay.
“Plaintiff alleges further that after receiving the warnings to slow down, D. S. Norris did slow the automobile slightly but his speed was still greatly excessive under the circumstances and that upon entering the Big Sandy Creek bridge, the car went into a skid, turned crosswise and hit a concrete post at the west end of the bridge, then ran off the road.
“Plaintiff itemizes his injuries as follows :
1. Fracture of left tibial plateau lateral
*424 2. Fracture, nandible left superior ramus-
3. Fracture, right corpus and inferior ramus region
4. Subluxation acromioclavicular joint, right shoulder.
5. Acromioclavicular separation, left
6. Fracture of left humerus
7. Fracture of left tibia
' 8. Fracture, tip of coracoid process, left shoulder
9.Lacerations and conditions, left cheelc and forehead
10. Lacerations, right upper eyelid
11. Hematoma, right preauricular region
12. Loss of physiological curvature of cervical spine.
13. Loss of two teeth and fracture and possible loss of several others.
“Plaintiff alleges further that he was placed in the Gladewater Municipal Hospital for two weeks and then on February 6, 1962, was brought to the Morehouse General Hospital where he remained until March 21, 1962.
“It is further alleged by the plaintiff that the sole and proximate cause of the collision was the gross and absolute negligence of D. S. Norris in the following respects:
1. Failure to maintain reasonable control of the vehicle he was driving;
2. Driving at a grossly excessive rate of speed under the circumstances ;
3. Driving at a grossly negligent and careless manner under the circumstances ;
4.Failure to heed the warnings of his joint venturers and of the Texas Highway Department.
"Plaintiff alleges further that at the time of the accident, Lumbermen’s Mutual Casualty Company was the liability insurer of the automobile owned by Mrs. Vallery E. Rains and that Fireman’s Insurance Company of Newark, New Jersey was the liability insurer of Mr. D. S. Norris. His damages are itemized as follows:
Past medical expense $4,371.85
Estimated future medical expense 5,000.00
Loss of past earnings 6,000.00 CO
Loss of future earnings 10,000.00 ^
Damage to business 7,500.00
Physical pain, suffering and mental anguish 40,000.00
Future pain, suffering and permanent disability 40,000.00 Vt
Total $112,871.85
“To plaintiff’s petition, Firemen’s Insurance Company of Newark, New Jersey, filed a Motion for Summary Judgment based upon the proposition that this is a direct action against the defendant by the plaintiff, the accident occurring in the State of Texas and that the policy of insurance provides that no action shall lie against the defendant unless a judgment has been obtained against the insured.
“Defendant, Lumbermen’s Mutual Casualty Company filed an Exception of No Cause of Action, based upon the proposition that the suit was a direct action against the defendant and that the accident occurred in the State of Texas and that R.S. 22:655 limits its application to accidents occurring in the State of Louisiana.
“After the filing of the two motions by the defendants, the plaintiff dismiss *425 ed the action as to the Lumbermen’s Mutual Casualty Company and Firemen’s Insurance Company of Newark, New Jersey.
“The defendant, D. S. Norris, filed an answer admitting the date, time and place of the accident but denying any liability. He alleges in his answer that the accident was unavoidable and that at the time it occurred, he was driving in a careful, cautious and prudent manner. In the alternative the defendant, Norris, pleads that plaintiff was a guest in the vehicle and pleads the guest statute of the State of Texas in bar to the demands of the plaintiff. The defendant further pleads in the alternative that in the event it was held that defendant was guilty of actionable negligence proximately causing or contributing to the accident and the guest statute was not applicable, then in that event the plaintiff is guilty of independent and contributory negligence in failing timely to protest or remonstrate against the manner in which said automobile was being operated and, on the contrary, in acquiescing in the way it was being driven.
“In an amended answer the defendant, Norris, in the alternative pled the assumption of the risk on the part of the plaintiff, Sidney E. Kay, and Vallery E. Rains. Defendant further pleads in the alternative that he be given credit for a payment of $1,000.00 to the plaintiff, Sidney E. Kay, by the Lumbermen’s Mutual Casualty Company under its policy providing for medical payments, an additional payment of $1,000.00 paid to the plaintiff by the defendant, Firemen’s Insurance Company of Newark, New Jersey under two policies of medical payments and such payment as may have been made by State Farm Mutual Automobile Insurance Company up to $2000.00 to Sidney E. Kay.
“The facts in this case are largely undisputed. The plaintiff, Sidney E. Kay, Vallery E. Rains and D. S. Norris, are merchants in Bastrop, More-house Parish, Louisiana. Each operates his own store and three or four times a year they go to a buyer’s market to purchase merchandise for their respective stores. On occasions they have bought merchandise in New Orleans, Louisiana, but principally their merchandise is bought at the market in Dallas, Texas. The buyer’s market in Dallas is usually around the 20th of January, May, August and October. On occasions the October market has been held in November. Occasionally these three men would go to the market alone but since 1955 they have been traveling to the market together. On some trips they would use the car owned by Mr. Sidney E. Kay. On other occasions Mr. Vallery E. Rains’ automobile would be used. Mr. Norris’ automobile was never used on their trips to market for no particular reason except that his automobile was needed around his business. If Mr. Rains’ automobile was used, then tire automobile expenses were paid by Mr. Norris and Mr. Kay. If Mr. Kay’s automobile was used, the automobile expenses were paid by Mr. Norris and Mr. Rains. In other words, one would furnish the car and the other two occupants would pay the expenses. Mr. Vallery E. Rains did not drive an automobile at all, therefore, the car was driven either by Mr. Norris or Mr. Kay. When they arrived in Dallas, often the three men would stay together. Occasionally in buying, one man would buy goods in quantity and later he would divide with one of the others. At the end of the day the three would often discuss the market, prices and things that each had done during the day. This discussion would often help them to locate items in which they were interested.
“On January 23, 1962, the three men left Bastrop together to go to the Dallas, Texas market for the purpose of *426 buying goods for their own stores. The weather was cold and it was misting rain as they left Bastrop. Mr. Kay was driving the automobile which belonged to Mrs. Vallery E. Rains. When they arrived at the intersection of Highway 1-qO and U. S. Highway 80, Mr. Norris began driving and continued until the accident occurred. Mr. Norris drove the automobile consistently about sixty miles per hour. In Waskom, Texas, the parties stopped, purchased gasoline and had coffee. The first ice noticed by any of the parties as they drove west was in the Marshall, Texas area. Mr. Norris was cautioned by both Mr. Kay and Mr. Rains to slow down. As they continued west they noticed ice slush on the road and some ice on the trees. Mr. Rains noticed ice on two small bridges before they arrived at the Big Sandy Creek Bridge. After being cautioned to slow down before reaching Big Sandy Creek Bridge, Mr. Norris slowed the automobile to 45 or 50 miles per hour. It was stipulated by counsel that there was a sign before reaching the Big Sandy Creek Bridge, warning that ice was on the bridge. Mr. Norris testified that he saw no ice on Big Sandy Creek bridge and had traveled over approximately eighty per cent of the length of the bridge when the car began to skid sideways. He attempted to straighten the car up and as it reached the end of the bridge it struck a guard post and went off the highway.
“It is conceded by counsel that as this accident happened in the State of Texas, it is governed by the Texas statutes and decisions of its courts.
“The defendant in his answer especially pleads the Texas guest statute. The appropriate section of the statute, Article 6701b of Vernon’s Annotated Civil Statutes of Texas, reads as follows :
“ ‘No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others.’
“The plaintiff contends that if the Court should find the defendant, D. S. Norris, was not guilty of gross negligence as defined by the statute, then the parties were on a joint venture, which is one of the exceptions to the statute, and if it is found that defendant, Norris, is guilty of ordinary negligence then the plaintiff is entitled to recover in this case.
“It is not seriously argued by the plaintiff that the accident was intentional on the part of Mr. Norris, nor was it caused by his heedlessness or by his reckless disregard of the rights of others as set forth in the statute. It is not shown in this case that Mr. Norris exceeded the speed limit from the time he began to drive until the accident occurred and when cautioned to slow the automobile down, he did slow it down from sixty to forty-five or fifty miles per hour. The automobile did not skid or do anything to indicate that it was out of control at any time until it had traveled eighty per cent of the length of the Big Sandy Creek Bridge. The Court is of the opinion that the defendant, D. S. Norris, was not guilty of gross negligence as set forth in the guest statute and unless it is found that the parties were involved in a joint venture and the driver, D. S. Norris, was guilty of ordinary negligence, then the plaintiff cannot recover.
“On the question as to whether the parties were engaged on a joint venture, the plaintiff cites the case of El *427 Paso Electric Co. v. Leeper, 60 S.W.2d [187] 189. In that case Miss Leeper, Lt. Nutter and Mr. and Mrs. Howze were in Miss Leeper’s mother’s automobile on their way to a Halloween dance. Miss Leeper’s mother, Mrs. Wallace, had loaned the car to her daughter and Lt. Nutter to go to the dance. Lt. Nutter was driving. As they rounded a curve on wet pavement, they left the highway and struck a post belonging to the El Paso Electric Company. The Court announced the following rules touching the question of joint enterprise :
“(1) (a) Where persons are engaged in a common or joint enterprise and each has an equal right to direct and control the conduct of the others with respect to acts or omissions which contributed to cause an injury to one of them, the negligence of one of such persons is imputed to each of the others. 45 C.J., p. 1020, par. 574.
“(2, 3) (b) As applied to occupants of a conveyance, the doctrine of joint enterprise not only requires joint possession thereof by the joint adventurers, but they must also have joint control and responsibility for its operation. Simensky v. Zwyer, 40 Ohio App. 275, 178 N.E. 422. This rule is in harmony with the definition given by the trial court in the instant case. In this regard the trial court charged the jury as follows: ‘Occupants of a conveyance are supposed to be on a joint expedition where they have not only a joint interest in the object and purpose of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance.’
“It was found in that case that Miss Leeper and Lt. Nutter were engaged in a joint enterprise. The rule announced by the Court was followed in the case of Bonney v. San Antonio Transit Co., [160 Tex. 11] 325 S.W.2d 117, in which the Court said:
* * a j0int enterprise exists where a driver and an occupant of an automobile “have not only a joint interest in the object and purpose of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance”.’
“The plaintiff contends that the parties were engaged in a joint enterprise for the reason that there was a tangible, economic benefit to each merchant traveling together, these benefits being itemized as follows:
“1. They could buy merchandise more economically by making one large purchase in one of their names rather than three small purchases in three different names.
“2. They could save money on freight charges by making one large purchase in one of their names rather than three small purchases in three different names.
“3. They could save money on some purchases by buying jointly rather than separately.
“4. They could save time by placing orders for each other at the market place.
“5. They could save money on traveling expenses by going in one automobile.
“6. They could save money on hotel expenses by staying in one room.
“7. They could assist each other in locating merchandise by discussing what each of them had seen at the market that day.
*428 “8. They could assist each other in deciding what to buy and what not to buy by discussing their past experiences with certain types of merchandise.
“In the case of Burt v. Lochausen, [151 Tex. 289] 249 S.W.2d 194, the Court stated:
“ ‘The rule established by the authorities everywhere seems to be to remove a case from the provisions of such statutes, a definite relationship must be established and a definite, tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation.’
“In Gregory v. Otts, [Tex.Civ.App.] 329 S.W.2d 904, a service station owner was riding home with defendant car owner so he could bring the car back to his station for servicing. They were in a collision with another vehicle. In a suit between the station owner and the car owner, the court held that the station owner was not a guest within the meaning of the Guest Statute and that simple negligence would support a judgment. In affirming a judgment in favor of the station owner the court said:
“‘In the case of Burt v. Lochausen, 1952, 151 Tex. 289, 249 S.W. 2d 194, 198, the Supreme Court expressly approved the following portion of the opinion of the Court of Civil Appeals in the same case:
“ ‘The rule established by the authorities everywhere seems to be, to remove a case from the provisions of such statutes a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation * * ” [329 S.W.2d] at pp. 906-907.
“ ‘ * * * there must be some tangible benefit moving to the driver, which benefit must have been the motivating cause of the driver’s making the journey.’ ” at p. 907.
“In Schafer v. Stevens, 352 S.W.2d 471 (Dallas Civ.App., 1961), defendant invited plaintiff to a night club for the purpose of trying to obtain a contract from plaintiff’s company. While defendant was entertaining plaintiff and traveling from one nightclub to another, plaintiff was killed in a one car collision. In a suit by plaintiff’s widow against the defendant, judgment was entered for plaintiff’s widow. In affirming the judgment the court said:
“ ‘There is no doubt this meeting was a business appointment * * * ’ at p. 576 [352 S.W.2d 475],

“ ‘Appellant argues that in order to take the case out of the guest statute there must have been a tangible benefit which flowed to appellant. We agree. But the tangible benefit need not have been the actual payment of money by Stephens to Schafer; nor need their business trip have resulted in a consummated deal. If Schafer’s motive both in the business discussion and the subsequent entertainment of Stevens as a prospective customer was to obtain a contract from Tex-Mex Corporation, which contract would net Schafer a money profit, we think the case is not governed by the guest statute * * * ’ at page 478.
“In the opinion of this Court, the Courts of Texas have consistently held that one of the essential ingredients of a joint enterprise is the motivating influence of the trip.”
Up to this point we are in complete agreement with the opinion of the trial judge, *429 but we cannot accord with his conclusions which were stated as follows:
“In the present case Mr. Kay, Mr. Norris and Mr. Rains were on their way to Dallas to purchase goods for their own respective stores. The motivating influence was not the trip. Each would have gone alone if the others had not been going at the same time, and on prior occasions, had gone alone. Paying the gasoline expenses of the automobile, staying together in the same hotel room while in Dallas, and on isolated occasions two men buying goods together, were too uncertain, remote and speculative for the Court to find their trip a joint venture. This finding of the Court that they were not engaged in a joint venture, places the case under the provisions of the Texas Guest Statute and the finding of the Court that the driver, Mr. Norris, was not grossly negligent, necessarily means that the plaintiff cannot prevail in this case.”
Our conclusion is that the motivating influence was the trip in which the respective parties were engaged. It matters not that these parties may have made separate trips, for the salient fact is that on this occasion they were making a joint trip for the purposes and interests which would accrue to each of them.
In addition to the Texas cases cited by the trial judge, supra, the Louisiana case of Buquet v. St. Amant, et al. (Orleans, 1952, writs denied) 55 So.2d 645, correctly defines a joint venture. Under this definition the parties involved were engaged in a joint venture, and, therefore, the restrictions of the Texas Guest Statute would not apply. For this reason, we think the conclusion of the trial judge should be set aside.
The itemization of injuries as contained in plaintiff’s petition is substantially correct. The accident occurred on January 23, 1962, and plaintiff was confined to the Gladewa-ter, Texas, Hospital until February 2, when he was removed to the Morehouse (Louisiana) General Hospital where he remained until March 21st. Subsequently, surgery was performed upon his left shoulder and the record indicates that future medical expense with reference to fractured and loosened teeth will be incurred to a reasonable approximation of $500.00.
As to the quantum claimed by plaintiff, we do not think the record sustains the items of:
(1). Estimated future medical expenses $5,000.00
(2). Loss of past earnings 6,000.00
(3). Loss of future earnings 10,000.00
(4). Damage to business 7,500.00
Unquestionably, the claims for physical pain, suffering, etc. are entitled to serious consideration, but we cannot find that the record supports the claims for future pain, suffering and permanent disability to the extent urged by counsel.
After examinations of the medical experts’ reports contained in the record, we conclude that plaintiff is entitled to stipulated damages for medical expenses in the sum of $4,800.00, less a credit of $2,000.00 already paid, and to an allowance for pain, suffering and disability, past and future, to the extent of $20,000.00.
For the reasons assigned, the judgment appealed from is set aside and reversed, and
It is now ordered, adjudged and decreed that plaintiff, Sidney E. Kay, should be and is awarded judgment against the defendant, D. S. Norris, in the sum of Twenty-two Thousand, Eight Hundred and No/100 ($22,800.00) Dollars, with interest at the legal rate from date of judicial demand until paid, together with all costs of this suit.