SAMUEL, Judge.
Two supplemental petitions were filed in this suit but neither is pertinent or material to this appeal. As alleged in the original petition: This is an action for personal injuries, wrongful death and property damages sustained by the occupants of the plaintiff vehicle in a collision involving two automobiles. One of the persons injured is a minor and this suit was instituted on her behalf by her father in his representative capacity. The other plaintiffs are the two major children of Mrs. Antonia Michel, who was killed in the accident, and the three persons (including the driver-owner of the plaintiff car) also injured in the accident. There are two defendants: (1) Nancy D. Bahn, widow of Dr. Gustave C. Bahn, the driver of the defendant car, in her capacity as executrix of the estate of her late husband; and (2) Continental Casualty Company, automobile liability insured of Dr. Bahn and the defendant automobile.
In additional pertinent part the original petition alleges: the accident occurred on U. S. Highway 90 approximately eight miles west of Bay St. Louis, Mississippi; all of the plaintiffs are domiciled in the State of Louisiana, either in the Parish of St. Bernard or in the Parish of Orleans; the defendant Nancy D. Bahn is domiciled in the Parish of Orleans; Dr. Bahn’s succession has been opened and is pending in the Parish of Orleans; and the defendant Continental is a foreign insurance corporation authorized to do and doing business in the Parish of Orleans.
Continental filed exceptions of no right or cause of action to plaintiffs’ petition. The exceptions are based solely on the ground that plaintiffs have no right to bring a direct action against Continental as the alleged insurer of the tort feasor or his estate because the accident occurred outside of the State of Louisiana, i. e., in the State of Mississippi. After a hearing there was judgment in the trial court maintainingthe exceptions and dismissing plaintiffs’” suit as to Continental. Plaintiffs have appealed from that judgment.
The question presented is whether plaintiffs can bring this direct action against Continental under the provisions of our direct action statute relative to liability insurers, LSA-R.S. 22:655, particularly that portion of the statute which reads as follows :
“This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not and whether or not *152 such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana.”
At the time the judgment appealed from was rendered by the trial court it appeared from statements contained in opinions of several of our courts of appeal, including this court, that the statute was inapplicable to accidents occurring outside of the State of Louisiana. See Kay v. Lumbermen’s Mutual Casualty Company, La.App., 158 So.2d 422; Nicholson v. Atlas Assurance Corporation, La.App., 156 So.2d 245; Honeycutt v. Indiana Lumbermens Mutual Ins. Co., La.App., 130 So.2d 770. However, these cases have been distinguished, or certainly impliedly overruled, by the recent Louisiana Supreme Court cases of Webb v. Zurich Insurance Company et al., 251 La. 558, 205 So.2d 398, and Owen v. Zurich Insurance Company et al., 251 La. 590, 205 So.2d 410 (handed down on December 11, 1967). Webb and Owen were handed down subsequent to the taking of this appeal and, insofar as concerns knowledge thereof on the part of present counsel, rehearings were denied subsequent to the date assigned for hearing of this appeal.
Webb and Owen were suits for wrongful death instituted by the widows of two Louisiana domiciliaries killed outside of the State of Louisiana in an airplane accident while enroute from Baton Rouge, Louisiana to Lansing, Michigan. The airplane was owned and operated by the sheriff’s office of East Baton Rouge Parish and insured against public liability by Zurich. In solido judgments were sought against the two co-defendants, the sheriff and Zurich. The trial court and the Court of Appeal for the First Circuit dismissed the suit as to Zurich on exceptions of no right or cause of action on the ground there could be no direct action against that defendant under LSA-R.S. 22:655 because the accident had occurred outside of the State of Louisiana. The Supreme Court of Louisiana reversed, holding that plaintiffs did have a right of direct action against the insurer.
Under the facts alleged in the petition in the instant case, which facts are accepted as true for the purpose of deciding the exceptions (no evidence was taken or offered in connection with the exception Zurich entitles no right of action), the holdings in Webb and Owen are decisive of the issue presented here and we are required to follow those cases. Appellee concedes this. We therefore consider a protracted discussion of the problem unnecessary.
For the reasons assigned, the judgment appealed from is reversed, the exceptions of no right or cause of action are overruled, and this case is remanded to the trial court for further proceedings in accordance with law; costs of this appeal to be paid by the de fendant-appellee.
Reversed and remanded.