### VACHA, et v LATIMER, et

Ohio Appeals, 9th Dist, Medina Co
No 105. Decided Oct. 13, 1930

Lorman, Robb & Quallich, Cleveland, and Van Epp & Porter, Medina, for Vacha, et.
Bennett & Lerch, for Latimer, et.

FUNK, PJ.

Assuming that these requests, given before argument, may be correct as abstract propositions of law, we are of the opinion that they had no application to the facts in this case and were confusing and misleading to the jury, and that it was error prejudicial to the defendants to give said special requests to charge, for the reason that the courses and distances given in the description of the premises conveyed are not inconsistent with natural and well-known boundaries.

It will be noted that the boundaries or streets referred to in the description were definitely located in reference to certain monuments, and lot lines by distances given. The question at issue in this case was, therefore, not a question of variance between natural and well-known boundaries with courses and distances, but was a question as to whether or not defendants had included in the description in their deeds lands which they did not own. The land described in the petition is a corner lot, 40.03 feet wide on the south side of Merkle avenue, by 143.85 feet in depth along the westerly side of 54th street in Parma township, Cuyahoga county, Ohio.

The record clearly shows that prior to the execution and delivery of the deed to plaintiffs, the county had appropriated a strip 13.87 feet wide off the easterly side of said lot for street purposes, to widen said 54th street, and had paid defendants or their predecessors in title therefor.

While such a strip of land might not be material in the description of a large tract of farm land, it is apparent that it is very material when taken off the width of a lot only 40 feet wide.

While it was the contention of plaintiffs that defendants, well knowing that said strip of 13.87 feet had been appropriated by the county and had been paid for, conveyed the whole of said lot to plaintiffs without disclosing the fact that said strip had been appropriated and that at the time they bought the lot the public authorities had done nothing by way of physically taking possession of the land and that there was nothing to indicate that said strip had been appropriated for street purposes, the real question at issue was wehther or not defendants had conveyed and warranted title to lands they did not own.

The record further clearly shows that the deeds executed and delivered by defendants in the chain of title, including the deed to plaintiffs, did include said strip of land and warranted the title thereto; and there is no evidence in the record to show

any defense to the petition in the absence of the reformation of the description in *said deeds* by an action in equity.

It being thus apparent that the special requests to charge given before argument had no application to the case, it was error for the court to give them, and the judgment will therefore be reversed for error in giving said special requests. Cause remanded for further proceedings according to law.

Pardee, J, and Washburn, J, concur.