Collins, a Minor, Appellant, v. Johnson, Appellee.

[Cite as Collins v. Johnson, 8 Ohio App. 2d 239.]

(No. 27882—Decided November 17, 1966.)

*Mr. John G. Pegg* and *Mr. John H. Bustamante*, for appellant.

*Mr. James A. Chiara*, for appellee.

Corrigan, J. We have before us an appeal on questions of law from a verdict for the defendant and judgment entered thereon in a negligence action for personal injuries in the Court of Common Pleas of Cuyahoga County.

On January 29, 1961, at approximately 1 a.m. the countryside and roads were blanketed with snow. Plaintiff, then aged 16, was a passenger in an automobile owned and being driven by the defendant. Other passengers at the same time were the plaintiff's mother and two other teenagers. The defendant was to drop off one of the teenagers in Bedford, and, not being familiar with the area, he drove past the street into which he was to turn. When his attention was called to the mistake, he stopped at once, then backed up preparatory to turning around. In so doing, the left rear wheel of his vehicle slid into a depression at the side of the roadway. After an abortive effort to get

the automobile back on the roadway by spinning the wheels, the defendant directed the plaintiff and another teenager to get out and push. Plaintiff and the other boy did not accede until a second request from defendant, at which time they both took positions behind the automobile. Plaintiff, on the left, had to scrape snow away from the left side of the rear bumper which was only a few inches off the ground. At no time did the defendant leave the car to view the placement of his automobile. Plaintiff put his hands under the rear bumper and began to lift; the defendant raced the motor at that moment, and the car lunged forward, pulling the plaintiff ahead with it. During this forward movement, the plaintiff's finger was almost completely severed by being scraped across a pipe or stone.

A lawsuit was instituted on behalf of the minor plaintiff for personal injuries because of alleged negligence on the part of the defendant. Plaintiff's mother joined as plaintiff in a cause of action for loss of service. Upon trial, the jury returned a defendant's verdict. A motion for new trial was filed and subsequently overruled.

We shall now address ourselves to the six assignments of error urged, five of which concern special charges. Assignment of error No. 1 states:

The court erred in giving the charge before argument No. 6, as requested by the defendant.

Charge No. 6 reads as follows:

"I instruct you as a matter of law that if you find from all the evidence that the plaintiff, Laval Collins, voluntarily attempted to move and push the defendant's motor vehicle by lifting the rear bumper at a time when to do so was obviously, and by him known to be in a dangerous position, he assumed the risk of whatever injury might be sustained as a proximate result of such obvious and dangerous condition; that under such circumstances he can not recover and you must return a verdict for the defendant, John Johnson.

"I instruct you as a matter of law that if you find from all of the evidence that the plaintiff, Laval Collins, had the last opportunity to avoid the injury of which he complained; that he made the final appraisal of danger and the final decision to assume the risk of injury, you must find that his affirmative acts proximately caused his own injury."

There can be no question that the record is devoid of any evidence to show that the plaintiff voluntarily attempted to move defendant's automobile. Quite to the contrary, defendant, although many years plaintiff's senior, had to make two requests before the plaintiff assented. See, *Drexler* v. *Labay*, 155 Ohio St. 244.

Moreover, the record is silent as to any evidence whatsoever upon which a defense of assumption of risk can be predicated.

The law is clear that before a special charge should be given there must be facts presented in the trial to support such particular charge. See, *Simensky, Admx.*, v. *Zwyer*, 40 Ohio App. 275, and *Vacha* v. *Latimer*, 8 Ohio Law Abs. 689.

It is our conclusion and holding that this charge as given was prejudicially erroneous.

Assignment of error No. 2 states:

The court erred in giving defendant's requested charge before argument No. 7.

Special charge No. 7 reads as follows:

"Ordinary care means that degree of care which persons of ordinary care and prudence are accustomed to use and employ, under the same or similar circumstances, in order to conduct the enterprise engaged in to a safe and successful termination, having due regard to the rights of others and the object to be accomplished. Ordinary care, therefore, requires in different circumstances different degrees of watchfulness, so that what would be reasonable or ordinary care under one state of circumstances would not be such under another.

"By the term 'ordinary care,' as here used, is meant such care as ordinarily prudent persons ordinarily exercise, or are accustomed to exercise, under the same or similar circumstances, in conducting and carrying on the same or similar business, and this applies to the defendant so far as the negligence complained of is concerned, as well as to the plaintiff in regard to contributory negligence on his part."

That charge fails to differentiate between the standard of care required for a sixteen-year-old high school freshman and the standard of care required of an adult. The case of *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Grambo, Sr., Admr.*, 103 Ohio St. 471, holds, as stated in paragraph one of the syllabus:

"1. Children are not chargeable with the same care as persons of mature years. Although children are required to exercise ordinary care to avoid the injuries of which they complain, such care, as applied to them, is that degree of care which children of the same age, education, and experience, of ordinary care and prudence, are accustomed to exercise under similar circumstances."

The charge under consideration also alludes to contributory negligence on the part of the plaintiff. This is likewise erroneous, in that there is no evidence demonstrated in the record providing a basis for finding contributory negligence. It is our determination that this charge was prejudicially erroneous.

Assignment of error No. 3 states:

The court erred in charging the jury before argument as requested in defendant's requested charge before argument No. 8.

Special charge No. 8 provides:

"Although the defendant may have been guilty of negligence, still the plaintiff can not recover if he knew of, or had reasonable means of ascertaining, the defect complained of. The plaintiff was not allowed to shut his eyes to the circumstances and conditions surrounding him. But he will be charged with knowing whatever he would have discovered, as to the condition of the rear wheels, had he employed ordinary prudence and caution for that purpose.

"The degree of diligence and care which the law required the plaintiff to exercise was such as one of his age and experience would ordinarily exercise under the circumstances, to look for and ascertain the dangers incident to the circumstances. And if the plaintiff saw, or by the exercise of such diligence could have discovered, the obstructing rock before he was injured and have avoided the injury, it was his duty to refuse to push the motor vehicle under those conditions. If he continued pushing and lifting the bumper after knowing or being thus charged with a knowledge of the danger, he will be held to have assumed all the risk of such danger, and in such case he can not recover, although the defendant may have been negligent also."

Defendant failed to inspect the situation before the plaintiff was ordered to push. Plaintiff responded, pushed the snow aside, looked over the situation, grabbed the bumper and lifted.

It is our determination that there is insufficient evidence to establish any negligence on the part of the plaintiff, and we, therefore, hold that that charge was erroneously given.

Assignment of error No. 4 states:

The court erred in charging the jury before argument as requested by the defendant in requested charge No. 9.

The subject matter of such charge is also on contributory negligence, and, as indicated, such charge was improper under the facts adduced upon trial and was, therefore, erroneously given.

Assignment of error No. 5 provides:

The court erred in charging the jury before argument as requested by the defendant in requested charge No. 10.

We have reviewed such charge and find it correct. This assignment is overruled.

Assignment of error No. 6 states:

The verdict of the jury is not supported by sufficient evidence and is contrary to law.

We find no merit in this assignment and, accordingly, it is overruled.

It is our judgment, therefore, that the giving of special charges Nos. 6 through 9 was prejudicially erroneous to the substantial rights of the plaintiff, and the judgment of the court below is reversed as being contrary to law and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

ARTL, C. J., and SILBERT, J., concur.